GARLAND WHITE, Plaintiff

v.

REUBEN MADURO, et al., Defendants

Civil No. 365-1971

District Court of the Virgin Islands

Div. of St. Croix

October 26, 1973

ROBERT A. ELLISON, ESQ., Christiansted, V.I., *for plaintiff*

No appearance; No answer *for defendant Maduro*

HODGE, SHEEN & FINCH, ESQS. (EDGAR D. ROSS, of counsel), Christiansted, St. Croix, V.I., *for defendant Davilla*

JOSEPH TARGIA, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for defendant Thompson*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This action involves the title to and sale of one automobile worth approximately $3,600 in 1971. Out of this seemingly simple transaction there has developed a lawsuit involving five parties including a complaint, two cross claims, two counterclaims (one for interpleader), a third party complaint and numerous legal theories. Yet, with the information now before the Court, it appears to me that two

persons necessary for a just adjudication have not been joined in this litigation. Because I feel it is impossible to enter a final judgment resolving the primary controversy, despite the late stage of the proceedings, I have decided to grant leave for the necessary parties to be joined. Federal Rule of Civil Procedure 19(a). In order that the case might proceed as expeditiously as possible, I will summarize the present status of the litigation and reveal the reasoning which leads me to believe that joinder of new parties is necessary.

First, the facts of the case should be briefly stated. In May 1971 plaintiff Garland White's son, Douglas White, with the consent of plaintiff, delivered a 1970 Dodge "Charger" to defendant Reuben Maduro, a used car salesman, with instructions to sell it. (Maduro could keep any part of the sales price in excess of $2,500.) Title to the car was in the name of Dolores Kinnison, plaintiff's wife, although plaintiff's son had apparently been making payments on it. On May 21, 1971, defendant Davilla signed a conditional sales contract with Maduro to purchase the car for $3,600. Davilla paid $500 cash as a downpayment, traded his own car in for a credit of $700 and then borrowed the balance of $2,400 from the Nova Scotia Bank. Maduro took the trade-in and the $2,900 in cash and never turned any part of it over to plaintiff or to plaintiff's wife or son. Furthermore, Maduro never arranged to have a proper transfer of title registration to Davilla. Maduro then left St. Croix.

The Dodge Charger, while in the possession of Davilla, was impounded by the police under the direction of defendant Thompson because the registration did not comport with Davilla's claim of ownership. The vehicle remained in the custody of the police for over two years, and is there today because plaintiff White, the only person having title papers and authority to transfer title, failed either to pre-

sent his papers to defendant Thompson to secure release of the car or to transfer title to Davilla according to the arrangement with Maduro. According to the uncontroverted testimony of Chief Thompson, had White presented the papers, the car would have been released to him. Then, as between Davilla and White, there may have been litigation to settle the validity of Maduro's sale. Or, had White abided by Maduro's sale (even though Maduro absconded with the money) and transferred title to the purchaser, Davilla, the latter would have been able to claim the car. Because plaintiff White took neither course of action, the car remained in police custody, exposed to the elements and some vandalism (but not very much). I personally viewed the car (which was towed to Christiansted from Frederiksted) and dictated into the record my appraisal of its present worth—almost a total loss. This appraisal was accepted by all parties. Although defendant Maduro's actions are largely responsible for placing White in the unfortunate position he occupied, his failure to act responsibly and quickly has caused the innocent defendant Davilla, who did not choose Mr. Maduro as agent to sell the car, to incur a substantial loss. Although the Court is impressed, therefore, with the equities of the controversy between White and Davilla, it does not appear that the attorneys have selected the proper parties against whom relief might be granted. In this regard, a summary of the pleadings and parties still involved in the action will be helpful.

Plaintiff White originally proceeded against three defendants: Maduro, Davilla and Thompson for recovery of possession of the automobile. Defendant Davilla filed a cross claim against Maduro and against Thompson. Davilla's cross claim against defendant Thompson was dismissed upon Davilla's oral motion during the trial, made after Thompson testified. Davilla also filed a third party complaint against M & B Sales Company, Inc., which claim

was similarly dismissed upon Davilla's own motion prior to trial. Finally, Davilla filed a counterclaim against plaintiff White for damages or return of the car.

A pretrial conference was held which resulted in defendant Davilla's amending his counterclaim to seek rescission of the sales contract and to recover his monies and property paid down. As the claim was then one in equity, the request for a jury trial was withdrawn and the case went forward as a court trial. The present status of the pleadings and claims, therefore, is as follows:

(1) White v. Maduro, Thompson and Davilla for recovery of the automobile;

(2) Davilla v. Maduro and White for rescission of the contract and recovery of the $3,600 purchase price paid; and

(3) Thompson for interpleader to determine whether White or Davilla is entitled to the automobile.

Because the automobile is now almost totally worthless, the principal claim is that of Davilla for rescission of the contract and return of the purchase price. It is with regard to this claim that I feel additional parties are necessary in order to enter a final judgment.

The evidence introduced at trial, particularly Defendant's Exhibit 1, indicates that title to the car is in the name of Dolores Kinnison. Douglas White entrusted the car to Maduro for sale, undoubtedly acting as agent for the title owner or as beneficial owner of the car. Although White's inaction resulted in the loss, Dolores Kinnison or Douglas White would seem to be the proper parties defendant in an action for rescission by Davilla. Therefore, I have concluded that defendant Davilla should be allowed to join Dolores Kinnison and Douglas White as parties, and that a new trial should be held at which Mr. Davilla's claim for rescission can be ruled upon.

From the testimony adduced at the trial, I am satisfied that there is no valid claim against Chief Thompson for the car's deterioration during the custodial period of over two years. Apparently Davilla came to the same conclusion since he moved to dismiss his cross claim against Thompson. However, Chief Thompson has asked the Court to decide which party is entitled to the car. At this stage of the proceeding, I believe that the car should be turned over to its legally registered owner, Dolores J. Kinnison. Since plaintiff White has her power of attorney, I will order Chief Thompson to turn over the car to plaintiff White. This will eliminate Thompson from this action.

## ORDER

In conformance with the above Memorandum Opinion, it is hereby ORDERED:

1. That Defendant Davilla be allowed ten (10) days within which to join Dolores Kinnison and Douglas White as parties defendants;

2. That in the event these parties are joined, a new trial be held on defendant Davilla's counterclaim for rescission;

3. That defendant Thompson turn over possession of the Dodge Charger to plaintiff White, as the attorney for its registered owner, Dolores Kinnison;

4. That all claims against defendant Thompson be dismissed; and

5. That in the event Dolores Kinnison and Douglas White shall not be made parties in this action within sixty (60) days from the date hereof, I will enter a supplemental and final order herein adjudicating the rights and/or obligations of the parties Davilla, White and Maduro based upon the testimony adduced at the trial.