**JEAN–ROBERT ALFRED and DAVID V. O'BRIEN, Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS,
HENRY A. MILLIN, Lt. Governor, acting as
Commissioner of Insurance, and
BANK OF AMERICA, NTSA, Defendants**

Civil No. 1012-1979

Territorial Court of the Virgin Islands

Div. of Christiansted at St. Croix

June 17, 1980

JEAN-ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I.

GEOFFREY W. BARNARD, ESQ., Christiansted, St. Croix, V.I.

WILLIAM C. MURRAY, JR., Office of the Attorney General, Christiansted, St. Croix, V.I.

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Plaintiff attorneys seek to recover fees from their client, Reserve Insurance Company (Reserve) for services rendered in the defense of a separate suit against two medical doctors insured by the Company. Both attorneys were retained by Reserve and there appears to be no contractual privity between plaintiffs and the doctors.

Unfortunately after the services were rendered, Reserve was placed in liquidation by an Order of an Illinois Court[1] and the acting Director of Insurance of the State of Illinois was appointed liquidator. In that capacity, the Director appears to have taken legal title to all of the assets of Reserve, wherever situate, for the purpose of conducting the liquidation. Amongst the assets of Reserve are certain Commonwealth of Massachusetts Turnpike Authority Revenue Bonds, Series 1954, due May 19, 1994, in the face amount of $100,000. These bonds were deposited in the Bank of America, Charlotte Amalie, in pursuance of the provisions of 22 V.I.C. § 207 at the direction of the Lieutenant Governor in his capacity as Commissioner of Insurance, ". . . in trust for the protection of all policy holders in the United States . . ." in order to qualify Reserve to conduct its insurance business in the Virgin Islands.

Plaintiffs now seek to obtain payment of their fees by a method that is akin to an execution against the bonds in this jurisdiction.

■ Notwithstanding the failure of the Governmental defendant to pose any objection to this course of action, this Court is obliged to raise, sua sponte, the issue of nonjoinder of necessary parties. Rule 21 F.R.C.P.

---

[1] Reserve Insurance Company is an Illinois Corporation which was authorized to do business in the Virgin Islands.

The pertinent portion of Rule 21 provides that:

> ... Parties may be ... added by order of the Court ... of its own initiative at any stage of the action ...

■ When read in pari materia with Rule 19 F.R.C.P., as it must be, it is clear that this Court should take the action which it here takes.[2]

Rule 19 F.R.C.P. provides, in pertinent part that:

> (a) ... A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. ...

■ It is apparent that the liquidator of Reserve as the holder of legal title to the assets, is a necessary party, if complete relief is to be granted.

■■ Professors Wright and Miller tell us that:

> ... failure to join someone whose presence is desirable but not indispensable is not a ground for dismissal of the action under Rule 21. But when the absentee is regarded as indispensable under Rule 19(b), dismissal will be necessary. *The court generally will afford plaintiff every opportunity to add the absentee to the suit before it will order dismissal of the action.* Wright and Miller, Federal Practice and Procedure: Civil § 6184 at 329, 330 (Emphasis added.)

Moreover say the good Professors:

> ... the court has the authority to invoke Rule 21 on its own initiative. *The court should be particularly willing to exercise its power to order a party brought into the action if the absentee's presence is required under Rule 17(a) or Rule 19.* Wright and

---

[2] C. F. White v. Maduro, 10 V.I. 230 (D.V.I., 1973), a case in which addition of parties was ordered after commencement of trial but before entry of final judgment and Wright and Miller, Federal Practice and Procedure: Civil § 6188 at 341, 342.

Miller, Federal Practice and Procedure: Civil § 6187 at 338 (Emphasis added.)

■ This Court is not reluctant to order the joinder of the liquidator of Reserve because no prejudice will be suffered by any party, the liquidator is amenable to service of process which renders him subject to the jurisdiction of this Court,[3] he is a necessary party, and complete relief cannot be granted without his presence in the suit.

I am cognizant of the fact that this disposition leaves open the question of the authority of this Court to grant the request relief after Reserve's liquidator is made a party defendant in light of the relevant language set forth in sections 208, 702 and 709 of Title 22 of the Virgin Islands Code. This issue can best be resolved, however, after the liquidator has been subjected to the jurisdiction of the Court and has had an opportunity to file his answer.

The Court notes, in passing, that the joinder of the defendant Bank of America, NTSA appears to be a misjoinder since no relief is requested as against the Bank. Plaintiffs should also consider this issue so that all procedural defects may be cured concurrently.

An order requiring the joinder of the liquidator of Reserve Insurance Company will enter.

---

[3] As a condition precedent to qualification as a foreign insuror, Reserve Insurance Company was required to designate an authorized agent upon whom process could be served. 22 V.I.C. § 218. Furthermore, substitute or long arm service can be lawfully effected pursuant to provisions of 5 V.I.C. § 112(1) or 5 V.I.C. § 4903(1), (6).